IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

SARAH RANEE BROWN,

    Plaintiff,

V.                                                      CIVIL ACTION NO. 3:07-0556

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed her applications on July 7, 2004, alleging disability commencing May 11, 2004, as a consequence of "bloodclotting of left leg and shaking condition." On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was twenty-five years of age and had obtained a ninth grade education. Her past relevant employment experience consisted of work as a cashier, fast food worker, security guard and telemarketer. In his decision, the administrative law

judge determined that plaintiff suffers from left foot contracture status post release, a complex regional pain syndrome, a pain disorder with psychological factors and a general medical condition, and anxiety, impairments which he found severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rules 202.18 and 202.19 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that deficiencies exist that will require remand for further proceedings. Plaintiff contends that the administrative law judge failed to properly consider her pain and made a faulty credibility assessment. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, subpart P, Appendix 2, Table No. 2.

[3] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

activities.[5] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce her alleged symptoms, the administrative law judge found her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. The administrative law judge made this credibility determination after considering the relevant factors of 20 C.F.R. 404.1529 and 416.929 and SSRs 96-4p and 96-7p. Although it appears the administrative law judge used the appropriate methodology to evaluate plaintiff's credibility, substantial evidence does not support his findings.

First, the administrative law judge found plaintiff's daily activities not entirely consistent with the extent of disability alleged. He noted that she was capable of caring for her child, preparing simple meals, and washing dishes with help. Reviewing the entire record, it is clear that this is an overstatement of plaintiff's abilities. In actuality, she stated she would fix her child something to eat if he brought her the food to fix or if it was just putting something in the microwave, and that her boyfriend, whom she lives with, does all of the cooking because she cannot stand for an extended period of time. The administrative law judge also failed to mention that she is incapable of caring for her own personal needs, and her boyfriend does the majority of the work caring for the children.

---

[5] Id.

The administrative law judge stated that plaintiff's testimony as to when she first sought treatment was not entirely consistent with the evidence. He noted that plaintiff testified that it took her six months to find a doctor but that the record indicates she saw Dr. Whitmore around a month after the alleged onset date. This again is a misstatement of plaintiff's testimony. When asked if she went to the doctor to have her foot and leg problems evaluated, plaintiff responded "Nobody wouldn't see me. It took me a month, two months, six months just for anybody to see me." This question was followed with "So you had trouble getting in to see a doctor?," to which she responded "Yeah." Review of the transcript of the proceeding makes clear that the plaintiff knew there was a delay from the time her leg problems presented to the time she was able to receive treatment; however, it appears as if she could not remember precisely how long the delay was. Not being able to precisely recall dates in the past does not weigh against the credibility of a witness.[6]

Additionally, the administrative law judge identified a nine-month period from March 2005 through December 2005 during which he believed plaintiff did not make any complaints about pain. Two pages later, however, he cites to three instances during that same time period when plaintiff saw Dr. Deitch who noted "severe spasticity," "no improvement in her symptoms since her left foot surgery," "severe disability due to her condition," "increased pain and numbness," and "severe deformity." Furthermore, the administrative law judge misstated plaintiff's testimony when comparing it with the chronology she gave to Dr. Shook. Plaintiff testified at the hearing that she began shaking all the time in May 2004 and it was not until later that she developed problems with her leg. This testimony is consistent with the information she related to Dr. Shook, stating that her leg problems did not begin until after her hospitalization for deep vein thrombosis in August 2004.

---

[6] See 32A C.J.S. Evidence § 1630.

It is clear from the foregoing that the administrative law judge's findings with respect to plaintiff's credibility are simply not supported by the evidence and that remand is warranted. On remand, the parties should be permitted to submit additional evidence, and the Commissioner shall then re-evaluate the claim based on all of the evidence in the record, including any newly submitted materials.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 21, 2009

/s/ Maurice S. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE